UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THERESA COSPER** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-609-SS** |
| **ELMWOOD VETERINARY SERVICES, LLC, d/b/a BANFIELD THE PET HOSPITAL** | |

### ORDER

PLAINTIFF'S MOTION TO QUASH SUBPOENA (Rec. doc. 16)

**DENIED**

    The plaintiff, Theresa Cosper ("Cosper"), seeks an order quashing a subpoena duces tecum which was served by the defendant, Elmwood Veterinary Services, LLC d/b/a Banfield The Pet Hospital ("Banfield"), on Cosper's current employer, South Paws Veterinary Surgical Specialists, LLC ("Veterinary Surgical"). The subpoena seeks a "[c]ertified copy of any and all records (personnel, disciplinary and/or other records) pertaining to Ms. Theresa Cosper . . . ." Rec. doc. 16 (Exhibit C).

    Cosper was employed by Banfield for less than ninety days as a pet nurse from April 2010 through June 26, 2010, when she was terminated. On September 16, 2010, she began working for and is currently employed by Veterinary Surgical. Banfield makes surgical referrals to Veterinary Surgical.

    On March 17, 2011, Cosper, an African-American, filed a complaint against Banfield alleging that she was subjected to harassment and terminated on account of her race. She alleges that it engaged in retaliatory conduct. She seeks injunctive relief, lost earnings, reinstatement or

front pay, compensatory damages for emotional distress, punitive damages, fees, and costs.  Rec. doc. 1.  Banfield denied the claim and asserted affirmative defenses.  Rec. doc. 13.

The parties consented to proceed before a Magistrate Judge.  Rec. doc. 8.  A protective order was entered for confidential material.  Rec. doc. 10.  The discovery deadline is January 27, 2012; the pretrial conference is set for March 29, 2012; and the trial with a jury is set for April 23, 2012.  Rec. doc. 12.

In response to Banfield's written discovery, Cosper provided authorizations for personnel records, tax returns and Social Security records.  Rec. doc. 16 (Exhibit B).

On September 12, 2011, Banfield served the subpoena duces tecum on Veterinary Surgical.

Cosper seeks an order quashing the subpoena and barring Banfield from having any further contact with Veterinary Surgical without leave of Court.  She argues that: (1) the subpoena seeks information which is not relevant to the parties' claims and defenses; (2) it is not limited to mitigation information; and (3) her current employer should be protected from annoyance as it may affect her ability to maintain her current employment.

Banfield contends that: (1) Cosper was terminated for job performance issues; (2) she seeks very broad discovery regarding her former co-workers at Banfield, including their entire personnel files; (3) Cosper's application at Veterinary Surgical regarding her prior employment, her current performance records and other information in her personnel file are relevant to her claims; and (4) the information sought is relevant to Cosper's credibility.

The parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed R. Civ. P. 26 (b)(1).  "(T)he determination of whether such information is discoverable because it is relevant to the claims or defenses depends on the

circumstances of the pending action." Fed. Rule Civ. P. 26(b)(1) Advisory Committee's Note, 2000 amendments. Under Fed. R. Civ. P. 26(b)(1) the court must focus on the claims and defenses involved in the action. Id. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The information sought by Banfield is relevant to the parties' claims and defenses. It must be produced subject to the terms of the protective order. This is not a determination that the information is admissible at the trial.

IT IS ORDERED that Cosper's motion to quash subpoena and for protective order (Rec. doc. 17) is DENIED.

New Orleans, Louisiana, this 5th day of October, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**

3